UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DALE LLOYD CHALLONER, a/k/a DALE CHALLONER, ) ) ) | |
| Petitioner, ) ) | Civil No. 16-27-ART |
| v. ) ) | **MEMORANDUM OPINION** |
| MICHAEL SEPANEK, *Warden*, ) ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dale Lloyd Challoner is an inmate at USP-Big Sandy, a federal prison in Inez, Kentucky. Earlier this year, Challoner filed a habeas petition pursuant to 28 U.S.C. § 2241. R. 1. But because Challoner wished to attack his conviction and sentence—rather than the manner or execution of his sentence—he could proceed under Section 2241 only if he first showed that the remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Court determined that he could not and so denied the petition. R. 5. Challoner now moves the Court to reconsider that ruling. R. 7.

## BACKGROUND

In September 2000, Challoner and several acquaintances conspired to rob the Colorado East Bank & Trust in La Junta, Colorado. *See United States v. Challoner*, 65 F. App'x 222, 224 (10th Cir. 2003). To distract police and provide cover for the robbery, Challoner threw two Molotov cocktails through the window of an elementary school. *Id.* The conspirators then kidnapped the bank's president at gunpoint, drove him to the bank, and tried unsuccessfully to open the bank's vault before fleeing. *Id.* For this, a federal grand jury in the

District of Colorado charged Challoner with conspiring to rob a bank (18 U.S.C. § 371), attempting to rob a bank (18 U.S.C. § 2113(a), (d)), brandishing a shotgun during an attempted bank robbery (18 U.S.C. § 924(c)(1)(A)(ii)), damaging property by arson (18 U.S.C. § 844(i)), using a destructive device during a bank robbery (18 U.S.C. § 924(c)(1)(B)(ii)), possessing an unregistered destructive device (26 U.S.C. § 5861), and using fire and an explosive to rob a bank (18 U.S.C. § 844(h)).[1]  *See Challoner*, 65 F. App'x at 224; Appellee's Answer Brief at 13–14, *United States v. Challoner*, 583 F.3d 745 (10th Cir. 2009) (No. 08-1335), 2009 WL 1258500.  A jury convicted Challoner on all seven counts.  *See Challoner*, 65 F. App'x at 225.  And the district court duly sentenced him to 1,080 months, or 90 years.  *Id.*

Challoner twice challenged his conviction and sentence without success.  He first filed a direct appeal to the Tenth Circuit.  As grounds, Challoner argued that there was insufficient evidence that he had carried an explosive device during the attempted robbery, that the district court should have departed downward, and that his sentence was constitutionally disproportionate.  *Id.* at 225–27.  The Tenth Circuit rejected all three arguments and affirmed.  *Id.*  Six years later, Challoner filed a habeas petition pursuant to 28 U.S.C. § 2255.  In the district court, Challoner argued that his trial counsel had been constitutionally ineffective and that the court should not have imposed consecutive sentences.  The district court rejected these arguments.  *See generally United States v. Challoner*, Criminal No. 00-cr-00482-EWN, 2008 WL 4211103 (D. Colo. Sept. 10, 2008).  On appeal before the Tenth Circuit, Challoner concentrated on a single issue:  whether his convictions for brandishing a shotgun, carrying a Molotov cocktail, and using fire and an explosive violated the Double Jeopardy Clause.  *See*

---

[1] The district court dismissed an eighth count before trial.  *Challoner*, 65 F. App'x at 224.

2

*United States v. Challoner*, 583 F.3d 745, 747–49 (10th Cir. 2009).  The Tenth Circuit refused to reach the merits of the issue, however, because Challoner had not shown cause excusing his failure to raise this same question on direct review.  *Id.* at 750.

In March 2016, Challoner tried again.  But this time, he moved from Section 2255 to Section 2241, and from the Tenth Circuit to this Court.  *See* R. 1.  In his latest effort, Challoner argues that he is "actually innocent" of the crimes for which the jury convicted him, that prosecutors engaged in misconduct, and that his sentence exceeds the statutory maximum.  *See id.* at 6–9.  The Court denied Challoner's Section 2241 petition because he had not shown that the remedy afforded by Section 2255 was "inadequate or ineffective" to challenge his conviction and sentence.  R. 5 at 8 (quoting 28 U.S.C. § 2255(e)).  Challoner has since filed a motion to reconsider, arguing that the Court erred by denying his petition and by doing so without adequate explanation.  *See* R. 7 at 2–3.  The Court disagrees and will deny the motion.

## DISCUSSION

Section 2241 is not an open call for prisoners wanting to relitigate their cases.  A prisoner may, of course, challenge the manner or execution of his sentence via a Section 2241 petition.  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  But if he wants to argue that his conviction or sentence is itself unlawful, then he must go instead through 28 U.S.C. § 2255.  *Peterman*, 249 F.3d at 461.  That is, with one exception:  A prisoner may challenge his conviction or sentence under Section 2241 if he first proves that the "remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  As the Court previously explained, Challoner cannot make this showing.

The Sixth Circuit has said that Section 2255(e)'s "savings clause" applies only where a petitioner demonstrates "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (internal quotation marks omitted). Actual innocence means "factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (internal quotation mark omitted). In his petition, Challoner argues that he is actually innocent of arson because the public elementary school he burned is not sufficiently tied to interstate commerce. R. 1 at 7. Challoner also contends that his convictions for possessing and using Molotov cocktails must fall because he never employed them as weapons. *Id.* at 7–8. In essence, Challoner argues that the statutory offenses in question—18 U.S.C. §§ 844(i), 924(c)(1)(B)(ii), and 26 U.S.C. § 5861—never actually criminalized his particular conduct. *See* R. 1 at 7–8. Under certain circumstances, an argument like this could raise a question as to a defendant's actual innocence. *See, e.g.*, *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (construing pro se petitioner's argument "that he could not be guilty of the federal bombing statute because he bombed a private residence" as an "'actual innocence' argument").

But there's a problem here. To advance this line of argument under Section 2241, Challoner would have to identify some intervening change in law that "make[s] it more likely than not that no reasonable juror would have convicted him" if properly instructed. *Wooten*, 677 F.3d at 307–08. Challoner has not done so. He has not identified any Supreme Court decision reinterpreting the substantive law underlying his convictions on these counts. Nor has he pointed to any Sixth Circuit decision doing as much. And as a result, these challenges do not speak to Challoner's "actual innocence" within the meaning of the savings clause. *See, e.g.*, *Hill v. Masters*, – F.3d —, No. 15-5188, 2016 WL 4655739, at *5 (6th Cir. Sept. 7, 2016)

("Although we have yet to determine the 'exact scope of the savings clause,' we have held that when a petitioner fails to identify a new case of statutory interpretation on which to base his § 2241 habeas claim, he fails to satisfy the savings clause and cannot reach § 2241.").

Challoner's assertion that he never used the Molotov cocktails as weapons fails to bear on his actual innocence for another reason. The jury convicted Challoner of possessing an unregistered destructive device, in violation of 26 U.S.C. § 5861, and using a destructive device "during and in relation to any crime of violence" (*i.e.*, conspiracy to commit bank robbery), in violation of 18 U.S.C. § 924(c)(1)(B)(ii). Even if Challoner never used the Molotov cocktails to harm anyone, that would not mean he was innocent of these crimes. A Molotov cocktails is a "destructive device" within the meaning of both statutes. *See* 18 U.S.C. § 921(a)(4); 26 U.S.C. § 5845(f); *United States v. Cruz*, 270 F. App'x 393, 396 (6th Cir. 2008); *United States v. Franklin*, 298 F. App'x 477, 478–79 (6th Cir. 2008). And while both statutes make clear that a "destructive device" must be "designed or redesigned for use as a weapon," neither requires proof that the defendant actually used the device as a weapon. That is really the whole ball game: Challoner's argument is irrelevant to these two counts. Challoner does not argue that he lawfully registered or possessed the Molotov cocktails, so he has not cast doubt on any element of his registration conviction. *See* 26 U.S.C. § 5681. Similarly, Challoner does not contest that he used the Molotov cocktails "during and in relation" to the bank robbery—only whether he used them "as a weapon." But, again, the statute does not require proof of use "as a weapon." *See* 18 U.S.C. § 924(c)(1)(B)(ii). And since attempting to rob a bank by force is clearly a crime of violence, *see, e.g.*, *United States v. Green*, 115 F.3d 1479, 1486–87 (10th Cir. 1997), Challoner again fails to raise any hint of his actual innocence.

On another front, Challoner argues that "new evidence" proves that the Colorado East Bank & Trust "was not federally insured by the FDIC at the time of the robbery." R. 1 at 6. This evidence, Challoner insists, proves that federal authorities had no jurisdiction to prosecute him. This particular claim—that he has new evidence that could prove his innocence—is one that might be cognizable on a second or successive motion under Section 2255. *See* 28 U.S.C. § 2255(h)(1). But Challoner has not asked the Tenth Circuit for permission to bring such a motion. *See id.* It is possible that this claim is time-barred, *see* 28 U.S.C. § 2255(f), or that the Tenth Circuit will deny Challoner's request, *see* 28 U.S.C. §§ 2255(h), 2244. But the fact that either of those things might happen, does not mean that the remedy afforded by Section 2255 is somehow inadequate or ineffective. *See, e.g.*, *Peterman*, 249 F.3d at 461. Until Challoner tries to secure the Tenth Circuit's permission and is denied, or until he at least establishes that his claim would be barred by some procedural or other limitation, he cannot even begin to make that showing. *See, e.g.*, *Stafford v. Hemingway*, 92 F. App'x 176, 177–78 (6th Cir. 2004); *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004).

Challoner's "new evidence" argument also faces another, familiar problem: it seems to do nothing to prove he is innocent of the bank-robbery charges. In one respect, Challoner is correct: Whether a particular bank is FDIC-insured is sometimes relevant to a federal bank robbery charge. In fact, the corresponding statute defines "bank" to include "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." *See* 18 U.S.C. § 2113(f). Colorado East Bank & Trust was insured continuously by the FDIC from January 1, 1934, to its merger with another bank on August 1, 2016, which encompasses the

6

relevant period.  *See BankFind*, Fed. Deposit Ins. Corp., https://goo.gl/jIyS4y (last visited Oct. 21, 2016).

Challoner's two remaining claims fare no better.  Challoner wishes to argue that the prosecutor violated his ethical responsibilities by (1) pursuing charges against Challoner without probable cause and (2) failing to investigate whether Colorado East Bank & Trust was FDIC-insured.  *See* R. 1 at 8.  The first claim merely assumes that Challoner is innocent.  The second appears to both rely on a faulty premise (that the bank was not insured) and suggest (without support) that it was the prosecutor's job to prepare Challoner's defense.  And so neither claim actually does anything to suggest Challoner's innocence.  *See Charles v. Chandler*, 180 F.3d 753, 755, 757 (6th Cir. 1999) (per curiam); *Cannon v. Johnson*, 23 F. App'x 218, 220 (6th Cir. 2001).

Lastly, Challoner argues that his ninety-year sentence exceeded the statutory maximum.  *See* R. 1 at 9.  If he were right, Challoner might have been able to pursue this claim under Section 2241.  *See, e.g.*, *Hill*, 2016 WL 4655739, at *4 ("We also agree with the Government's position that a habeas petition may be brought pursuant to § 2241 when a sentence exceeds the maximum prescribed by statute.").  But he's not.  Challoner's argument relies on single premise: that his ninety-year sentence exceeded the longest sentence allowed for any of his individual convictions.  *See* R. 1 at 9.  He makes three mistakes.

First, two of Challoner's convictions carried maximums in excess of ninety years.  Those offenses—brandishing a shotgun, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and carrying a destructive device, in violation of 18 U.S.C. § 924(c)(1)(B)(ii)—were punishable by up to life in prison.  *See United States v. Harris*, 397 F.3d 404, 411 (6th Cir. 2005); *United*

7

*States v. Morgan*, 572 F. App'x 292, 300 (6th Cir. 2014). And legally, if not always biologically, life is certainly longer than ninety years. Indeed, the district court was required by statute to run the sentences for these offenses consecutively. *See* 18 U.S.C. § 924(c)(1)(D). So, in truth, Challoner faced—from just these two counts alone—the possibility of consecutive life sentences. *See, e.g.*, *United States v. Charley*, 417 F. App'x 627, 629 (9th Cir. 2011).

Second, the prison terms that the district court imposed for each of Challoner's offenses of conviction were within the corresponding maximums. The court gave Challoner 60 months for conspiring to rob a bank (Count 1) and 300 for attempting to do it (Count 2)—both the maximum terms allowed. *See* 18 U.S.C. §§ 371, 2113(d). Though Challoner's use of a shotgun (Count 3) and a Molotov cocktail (Count 5) could each have carried life, *see Morgan*, 572 F. App'x at 300, the court gave him 300 and 360 months instead. Challoner also got 240 months for arson (Count 4); another maximum. *See* 18 U.S.C. § 844(i). And the court gave him 120 months each for possessing an unregistered destructive device (Count 6) and for using fire and an explosive to rob a bank (Count 14)—the first, a maximum, and the second, the exact term required by statute. *See* 26 U.S.C. § 5871; 18 U.S.C. § 844(h). So at the end of the day, not one of Challoner's terms of imprisonment exceeded the maximum authorized by law.

Third, the fact that the district court ran some of these terms consecutively does not change this equation. The court sentenced Challoner to 300 months on Count 2, to run concurrently with his shorter sentences on Counts 1, 4, and 6. On top of that, the Court ordered consecutive terms of 300 months (Count 3), 360 months (Count 5), and 120 months (Count 14). In other words, the court "stacked" the sentences for Counts 3, 5, and 14 after all the others, resulting in a total sentence of 1,080 months. Why? Because Congress dictated that

8

sentences for these particular offenses could not be run at the same time as any others. *See* 18 U.S.C. §§ 844(h), 924(c)(1)(D). Now, Challoner's total sentence is of course longer than the maximums applicable to some of his individual offenses—*e.g.*, ninety years is longer than the twenty-five allowed for attempted bank robbery, *see* 18 U.S.C. § 2113(d). But again, the individual terms of imprisonment that the district court imposed for each of Challoner's offenses were within the governing maximums. That Congress required the district court to run some of these terms consecutively did not change that fact. *Cf. United States v. Campbell*, 317 F.3d 597, 604 (6th Cir. 2003) (affirming district court's imposition of consecutive sixty-month sentences on two separate counts that each carried a statutory maximum of sixty months); *United States v. Jeross*, 521 F.3d 562, 579 (6th Cir. 2008) (similar).

## CONCLUSION

Accordingly it is **ORDERED** as follows:

(1)   Challoner's "Motion to Expedite Habeas Proceedings," R. 8, is **GRANTED.**

(2)   Challoner's motion to alter, amend, or reconsider, R. 7, is **DENIED**.

This the 2nd day of November, 2016.

Signed By:
*Amul R. Thapar* AT
United States District Judge